UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAMARA R., *et al.*,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, *et al.*,<br><br>    *Defendant*. | Civil Action No. 23-0365 (TJK) |

**JOINT MOTION FOR APPROVAL AND ENTRY OF
PROPOSED CONSENT ORDER**

Plaintiffs Wendilee Walpole Lassiter and Plaintiff Tamara R., on behalf of her minor child, L.R. ("Plaintiffs") and Defendants National Archives and Records Administration ("NARA"), Debra Steidel Wall, in her official capacity as Acting Archivist of the United States and Head of NARA, and National Archives Museum (together, the "Parties") jointly move for approval and entry of the Proposed Consent Order attached herewith. In support of this motion, the Parties state as follows:

1. This action involves Plaintiffs' claims under the First Amendment, Fifth Amendment, and Religious Freedom Restoration Act in connection with their January 20, 2023 visit to the National Archives Museum. *See* Compl., ECF No. 1. Plaintiffs allege that they were instructed by security officers during their visit to remove or cover their attire because of their pro-life messages. *See id.*

2. Plaintiffs anticipated moving for a preliminary injunction and temporary restraining order in light of Plaintiff Lassiter's intent to return to the National Archives Museum on February 17, 2023, and Plaintiff L.R.'s intent to return to the National Archives Museum in January 2024.

3.      On February 13, 2023, the Parties have agreed to the Proposed Consent Order attached herewith in order to resolve Plaintiff Lassiter and Plaintiff L.R.'s concerns that underly the basis of their anticipated motion for preliminary injunction and temporary restraining order. The Parties refer to the attached Proposed Consent Order for a description of its terms. The Parties therefore respectfully file this motion asking that the Court approve and enter the Parties' Proposed Consent Order.

4.      Before approving a proposed consent decree, or consent judgment, "a court must satisfy itself of the settlement's overall fairness to beneficiaries and consistency with the public interest." *Citizens for a Better Env't v. Gorsuch*, 718 F.2d 1117, 1126 (D.C. Cir. 1983) (internal quotation marks omitted). Specifically, the Court must "determine that the settlement is fair, adequate, reasonable and appropriate under the particular facts and that there has been valid consent by the concerned parties." *Id.* (citation omitted); *see also Massachusetts v. Microsoft*, 373 F.3d 1199, 1206 n.1 (D.C. Cir. 2004) (noting that any consent decree must "fairly and reasonably resolve the controversy in a manner consistent with the public interest") (internal quotations and citation omitted); *SEC v. Hitachi, Ltd.*, Civ. A. No. 15-1573 (CKK), 2015 WL 7566666, at *2 (D.D.C. Nov. 24, 2015). Nevertheless, as long as a decree does not "make a mockery of judicial power," *United States v. Microsoft Corp.*, 56 F.3d 1448, 1462 (D.C. Cir. 1995), an agreement of the parties should generally be accepted as "voluntary settlement of civil controversies is in high judicial favor," and "[n]ot only the parties, but the general public as well, benefit from the saving of time and money that results from the voluntary settlement of litigation." *Citizens for a Better Env't*, 718 F.2d at 1126. "In reviewing the proposed consent judgment for approval and entry, the Court considers (1) whether there was valid consent by the parties to the proposed consent judgment; (2) whether the proposed consent judgment is fair, reasonable, and adequate; and

(3) whether the proposed consent judgment is consistent with the public interest." *Hitachi*, 2015 WL 7566666, at *2. Based on these factors, the Court should approve and enter the Parties' Amended Stipulation of Dismissal.

5.      *First*, there is valid consent by the parties to the Proposed Consent Order. The Proposed Consent Order is a product of good-faith, arms-length negotiation. The Parties took into consideration the litigation risks, the benefits to both parties avoiding those risks and of protracted litigation, and the public interest, including that the Proposed Consent Order sends a message of NARA's intention and commitment to upholding Plaintiffs' constitutional rights. The Parties consent to the entrance of the Proposed Consent Order, and the Parties are represented by competent counsel.

6.      *Second*, the Proposed Consent Order is fair, reasonable, and adequate. The terms and conditions of the Proposed Consent Order represent the compromise that the Parties have arrived at following negotiations regarding the litigation risks associated with Plaintiffs' anticipated motion for a preliminary injunction and temporary restraining order and the benefits of avoiding those risks.

7.      *Third*, the Proposed Consent Order is consistent with the public interest. No third parties will be injured thereby, and the Parties are not aware of any third party who has objected to entry herewith. The Proposed Consent Order will also serve to memorialize NARA's intention and commitment to upholding Plaintiffs' constitutional rights.

8.      Thus, for the reasons stated above, the Parties respectfully ask the Court to approve and enter the Proposed Consent Order.

*      *      *

Dated: February 14, 2023                    Respectfully submitted,
          Washington, DC

THE AMERICAN CENTER FOR LAW          MATTHEW M. GRAVES, D.C. Bar #481052
AND JUSTICE                          United States Attorney
JAY ALAN SEKULOW
(D.C. Bar No. 496335)                BRIAN P. HUDAK
JORDAN SEKULOW                       Chief, Civil Division
(D.C. Bar No. 991680)
STUART J. ROTH                       By:          /s/
(D.C. Bar No. 475937)                    _____
CHRISTINA (STIERHOFF)                    DOUGLAS DREIER, D.C. BAR #1020234
COMPAGNONE                               Assistant United States Attorney
(D.C. Bar No. 1657929)                   601 D Street NW
OLIVIA F. SUMMERS                        Washington, DC 20530
(D.C. Bar No. 1017339)                   202-252-2551
                                         douglas.dreier@usdoj.gov
        /s/
_____             ERIKA OBLEA, D.C. BAR #1034393
BENJAMIN P. SISNEY                       Assistant United States Attorney
(D.C. Bar No. 1044721)                   601 D Street, NW
201 Maryland Avenue, NE                  Washington, DC 20530
Washington, D.C. 20002                   202-252-2567
Telephone: (202) 546-8890                erika.oblea@usdoj.gov
Facsimile: (202) 546-9309
Email: bsisney@aclj.org              *Attorneys for the United States of America*

ABIGAIL SOUTHERLAND
(TN. Bar. No. 026608)
625 Bakers Bridge Ave., Suite 105-121
Franklin, Tennessee 37067
Tel. 615-599-5572
Fax: 615-599-5180
Email: asoutherland@aclj.org

EDWARD L. WHITE III
(D.D.C. Bar No. TX0116)
3001 Plymouth Road, Suite 203
Ann Arbor, Michigan 48105
Tel. 734-680-8007
Fax. 734-680-8006
Email: ewhite@aclj.org