UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TAMARA R., *et al.*,

    *Plaintiffs*,

v.

NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, *et al.*,

    *Defendants*.

Civil Action No. 23-0365 (TJK)

## CONSENT ORDER

### Stipulation of Agreed Facts

The parties hereby stipulate to the following agreed facts:

1. Plaintiffs allege in Paragraph 5 of their Complaint that on January 20, 2023, they were "subject to a pattern of ongoing misconduct" within the National Archives Museum by Defendants, the National Archives security officers, and Defendants John Does and Jane Doe, who allegedly targeted Plaintiffs and intentionally chilled their religious speech and expression by requiring Plaintiffs to remove or cover their attire because of their pro-life messages.

2. The National Archives and Records Administration ("NARA") represents that its policy expressly allows all visitors to wear t-shirts, hats, buttons, etc., that display protest language, including religious and political speech.

3. NARA regrets the events of January 20, 2023, and will remind all NARA's security officers at NARA's facilities across the country of the rights of visitors and of the policy set forth in Paragraph 2 above.

4.      Plaintiff Lassiter intends to return to the National Archives Museum wearing clothing and other attire containing pro-life messaging on February 17, 2023, and is fearful that she will be targeted and will not be permitted to exercise her First Amendment right to freedom of speech.

5.      Plaintiff L.R. intends to return to the National Archives Museum wearing clothing and other attire containing pro-life messaging during her next visit in January 2024 for the 51st Annual March for Life and is fearful that she will be targeted and will not be permitted to exercise her First Amendment right to freedom of speech.

## Consent Preliminary Injunction

The parties consent to the following to obviate the need for motions practice on Plaintiffs' prospective request for provision injunctive relief.  Accordingly, IT IS HEREBY ORDERED THAT:

1.      Pursuant to Federal Rule of Civil Procedure ("Rule") 65(a), Defendants, their officers, successors in office, employees, and agents are PRELIMINARILY ENJOINED from prohibiting visitors from wearing t-shirts, hats, buttons, etc., that display protest language, including religious and political speech,[1] which preliminary injunction shall terminate upon the earliest of (i) a final judgment in this action; (ii) further order by this Court, or (iii) January 19, 2025.

2.      NARA shall provide all security officers, as well as all other NARA personnel who interact with the public, including docents, volunteers, museum staff, and archivists who interact with the public in NARA research rooms, at every NARA facility with a copy of this Consent Order on or before February 16, 2023. NARA shall further reiterate to all NARA security officers,

---

[1]     Nothing in this Consent Preliminary Injunction addresses clothing containing profanity.

as well as all other NARA personnel who interact with the public, including docents, volunteers, museum staff, and archivists who interact with the public in NARA research rooms, that NARA policy expressly allows all visitors to wear t-shirts, hats, buttons, and other similar items, that display protest language, including religious and political speech.

3. At a time mutually agreed by NARA and Lassiter, NARA shall provide Lassiter a personal tour of the National Archives Museum on February 17, 2023, and NARA staff shall extend Lassiter a personal apology on that tour regarding the events alleged in Paragraph 1 of the Stipulation of Agreed Facts above.

4. On a date and time mutually agreed by NARA and L.R., NARA shall provide L.R. a personal tour of the National Archives Museum on a time and date to be mutually agreed, and NARA staff shall extend L.R. a personal apology on that tour regarding the events alleged in Paragraph 1 of the Stipulation of Agreed Facts above.

5. This case is hereby referred to the D.C. Circuit's Mediation Program for a period of 90 days, for purposes of exploring a potential settlement. The parties shall promptly notify the Court if a settlement agreement is reached and shall inform the Court when mediation concludes.

It is FURTHER ORDERED that this action, including all deadlines, is STAYED during the mediation period and pending further Order of the Court

SO ORDERED, this _____ day of February, 2023.

_____
HON. TIMOTHY J. KELLY
United States District Judge