UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TAMARA R., et al., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, et al., <br><br> Defendants. | Civil Action No. 23-0365 (TJK) |

## VOLUNTARY STIPULATION OF SETTLEMENT AND RELEASE AND DISMISSAL

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiffs Tamara R. on behalf of her minor daughter, L.R., Wendilee Walpole Lassiter, and Terrie Kallal (the "Plaintiffs") and Defendants the National Archives and Records Administration ("NARA"), Colleen Joy Shogan, in her official capacity as Archivist of the United States and Head of NARA,[1] and the National Archives Museum (the "Museum") (the "Defendants") (collectively, the "Parties") respectfully stipulate to resolve the above-captioned matter brought under the First and Fifth Amendments to the U.S. Constitution, and the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1, on the terms set forth in this Stipulation.

1.     The Parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to this civil action under the terms and conditions set forth in this Stipulation.

---

[1]     Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Shogan is substituted as Defendant in this matter.

2.      In consideration for Plaintiffs' agreement to settle each and every claim of any kind relating to this civil action, Plaintiffs rely upon the representations provided made by Defendants in the Consent Order attached to this Stipulation as Appendix A and affidavit attached to this Stipulation as Appendix B.

3.      In further consideration of Plaintiffs' agreement to settle each and every claim of any kind relating to this civil action, Defendants agree to pay the sum of $10,000 (ten thousand dollars) (the "Settlement Amount"), which sum shall be in full and final settlement and satisfaction of any obligation to pay, and all claims by Plaintiffs for, attorney's fees, expenses, costs, and interest in connection with this matter.  The Settlement Amount shall be made by an electronic funds transfer within fifty (50) days following Plaintiffs providing the payment information necessary to process payment.  In the event of a government shutdown, payment shall be made within the latter of the deadlines in the preceding sentence or fifty (50) days of the end of the government shutdown, provided that Court approval of the settlement has been obtained.

4.      Upon filing this Stipulation with this Court, the Parties shall simultaneously file a joint motion requesting that the Court enter the proposed consent order attached to this Stipulation as Appendix A.  The Parties need not comply with the terms and conditions set forth in the proposed consent order unless and until the Court grants the Parties' joint motion to enter the Parties' proposed consent order.

5.      Within forty-five (45) days of the execution of this Stipulation by the Parties (or, in the event of a government shutdown during that period, within forty-five (45) days of the end of the government shutdown), Defendants agree to make available for Plaintiffs' and their counsel's viewing, during a video call via Zoom, Webex, or other video calling software platform, available footage of the events that occurred on January 20, 2023, at the National Archives Museum

involving the Plaintiffs and which are described by Plaintiffs in the Complaint in this matter filed on February 8, 2023.  Plaintiffs agree to work with Defendants on a date and time that is mutually agreeable to both Parties to view the available video footage. Once the Parties agree on a date and time to view the available footage pursuant to this paragraph, Defendants shall provide undersigned counsel for Plaintiffs an online invite for Plaintiffs and Plaintiffs' counsel to attend a video call via Zoom, Webex, or other video calling software platform to view the available video footage pursuant to this paragraph. Plaintiffs agree that only Plaintiffs and Plaintiffs' counsel shall be invited by Defendants to view the available video footage pursuant to this paragraph.  Plaintiffs and Plaintiffs' counsel agree not to record, either via video, audio, or any other means, any of the video footage they view pursuant to this paragraph.

6.    Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, or assigns hereby agree to accept the sums set forth in this Stipulation in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown.  Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, or assigns further agree to reimburse, indemnify, and hold harmless the United States, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiffs or Plaintiffs' guardians, heirs, executors, administrators, or assigns against any third party or against the United States.

7.      This Stipulation is not intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to Plaintiffs.  This settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation. This Stipulation may not be used as evidence or otherwise in any civil or administrative action or proceeding against Defendant or the United States or any of their present or former officials, employees, or agents, either in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof.

8.      This Agreement contains the entire agreement between the Parties hereto and supersedes all previous agreements, whether written or oral, between the Parties relating to the subject matter hereof.  No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise given any force or effect in connection herewith.

9.      The terms of this Agreement may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by the party to be charged with the modification, amendment, or waiver, or by such party's counsel.

10.     The Parties acknowledge that the preparation of this Agreement was collaborative in nature, and so agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this Agreement or any term or provision hereof.

11.     The persons signing this Stipulation warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

12.     In the event that any of the Plaintiffs is a minor or a legally incompetent adult, those Plaintiffs must obtain Court approval of the settlement at Plaintiffs' expense.  Such Plaintiffs, if

any, agree to obtain such approval in a timely manner: time being of the essence and notify Defendant's counsel, via email, the instant approval is acquired. Such Plaintiffs, if any, further agree that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event such Plaintiffs, if any, fail to obtain such Court approval, this entire Stipulation, and the compromise settlement set forth herein, is null and void.

13.    The Parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Plaintiffs expressly consent to such release and disclosure pursuant to the Privacy Act, 5 U.S.C. § 552a(b), and the Freedom of Information Act.

14.    This Stipulation may be executed in counterparts. All such counterparts and signature pages, together, shall be deemed to be one document.

15.    No provision of this Settlement Agreement shall be interpreted to constitute a commitment or requirement that Defendants expend funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable statute that restricts Defendants' ability to remit the Settlement Amount to Plaintiffs due to a lapse in or insufficient appropriations from Congress.

16.    The filing of this Stipulation with the Court shall effect a dismissal of this action with prejudice with each party to pay their own costs and fees as set forth herein.

*    *    *

FOR DEFENDANTS:

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:/s/ *Douglas C. Dreier*        December 12, 2023
    DOUGLAS C. DREIER, D.C. Bar #1020234
    ERIKA OBLEA, D.C. Bar #1034393        Date
    Assistant United States Attorneys
    601 D Street, NW
    Washington, DC 20530
    202-252-2567
    Douglas.dreier@usdoj.gov
    Erika.oblea@usdoj.gov

*Attorneys for the United States of America*

FOR PLAINTIFFS:

                               12/15/2023
TAMARA R.                                          Date
*Plaintiff*

                               12/12/2023
L.R.                                               Date
*Plaintiff*

                               12/12/2023
WENDILEE WALPOLE LASSITER        Date
*Plaintiff*

                               12/12/2023
TERRIE KALLAL                                      Date
*Plaintiff*

THE AMERICAN CENTER FOR LAW AND JUSTICE
JAY ALAN SEKULOW
(D.C. Bar No. 496335)
JORDAN SEKULOW

(D.C. Bar No. 991680)
STUART J. ROTH
(D.C. Bar No. 475937)
CHRISTINA (STIERHOFF) COMPAGNONE
(D.C. Bar No. 1657929)
OLIVIA F. SUMMERS
(D.C. Bar No. 1017339)

_____    _____

BENJAMIN P. SISNEY          Date 12/12/2023
(D.C. Bar No. 1044721)
201 Maryland Avenue, NE
Washington, D.C. 20002
Telephone: (202) 546-8890
Facsimile: (202) 546-9309
Email: bsisney@aclj.org

ABIGAIL SOUTHERLAND
(TN. Bar. No. 026608)
625 Bakers Bridge Ave., Suite 105-121
Franklin, Tennessee 37067
Tel. 615-599-5572
Fax: 615-599-5180
Email: asoutherland@aclj.org

*Counsel for Plaintiffs*