UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TAMARA R., et al.,

    Plaintiffs,

v.

NATIONAL ARCHIVES AND RECORDS
ADMINISTRATION, et al.,

    Defendants.

Civil Action No. 23-0365 (TJK)

## CONSENT ORDER

### Stipulation of Agreed Facts

The parties hereby stipulate to the following agreed facts:

1. Plaintiffs allege that they are all citizens of the United States who hold a deep and sincerely held religious belief that unborn babies are created in the image of God, should be protected, and thus, that they should speak up for, and on behalf of, the unborn babies.

2. The National Archives is home to the Declaration of Independence, Constitution of the United States, and Bill of Rights, commonly referred to as the "Charters of Freedom."

3. Plaintiffs allege in Paragraph 5 of their Complaint that on January 20, 2023, Plaintiffs visited the National Archives whereby they were "subject to a pattern of ongoing misconduct" within the National Archives Museum by Defendants, the National Archives contract security officers, and Defendants John Does and Jane Doe, who allegedly targeted Plaintiffs and intentionally chilled their religious speech and expression by requiring Plaintiffs to remove or cover their attire because of their pro-life messages.

4. The National Archives and Records Administration ("NARA") represents that its policy expressly allows all visitors to wear t-shirts, hats, buttons, etc., that display protest language, including religious and political speech.

5. NARA regrets the events of January 20, 2023, and has reminded all NARA's contract security officers at NARA's facilities across the country of the rights of visitors and of the policy set forth in Paragraph 4 above.

6. The plaintiffs should not have been asked to remove or cover articles of clothing expressing their religious and other beliefs, and NARA regrets that this happened.

7. NARA has conducted an investigation into the events occurring on that day and NARA has informed all NARA security officers at NARA's facilities across the country of the rights of visitors and of the policy set forth in Paragraph 4 above. The investigation conducted into the events on that day is detailed in the attached report conducted by Allied Universal Security (AUS). Additional details of NARA's review and the actions taken by NARA in response to the investigation and to Plaintiffs' lawsuit are detailed in the attached Affidavit.

**Consent Injunction**

The parties consent to the following as part of the parties' agreement to settle and dismiss this case. Accordingly, IT IS HEREBY ORDERED THAT:

1. Pursuant to Federal Rule of Civil Procedure ("Rule") 65(d), Defendants, their officers, successors in office, employees, and agents are ENJOINED from prohibiting visiting members of the public to NARA facilities from wearing t-shirts, hats, buttons, etc., that display protest language, including religious and political speech, except as pursuant to NARA regulation 36 C.F.R. § 1254.28 (which addresses security requirements in NARA's research rooms), which injunction shall terminate on January 19, 2025.

2

2.	NARA shall provide all contract security vendors, as well as all NARA personnel who interact with the public, including docents, volunteers, museum staff, and archival staff who interact with the public in NARA research rooms, at every NARA facility with a copy of this Consent Order within five business days of the Court entering this Consent Order. NARA shall further reiterate to all NARA contract security officers, as well as all NARA personnel who interact with the public, including docents, volunteers, museum staff, and archival staff who interact with the public in NARA research rooms, that NARA policy expressly allows visitors to wear t-shirts, hats, buttons, and other similar items, that display religious and/or political speech or protest language except as pursuant to NARA regulation 36 C.F.R. § 1254.28 (which addresses security requirements in NARA's research rooms).

3.	On a date and time mutually agreed by NARA and L.R., NARA shall provide L.R. a personal tour of the National Archives Museum on a time and date to be mutually agreed, and NARA staff shall extend L.R. a personal apology on that tour regarding the events alleged in Paragraph 1-6 of the Stipulation of Agreed Facts above.

4.	On a date and time mutually agreed by NARA and Terrie Kallal, NARA shall provide Terrie Kallal a personal tour of the National Archives Museum on a time and date to be mutually agreed, and NARA staff shall extend Terrie Kallal a personal apology on that tour regarding the events alleged in Paragraph 1-6 of the Stipulation of Agreed Facts above.

5.	In light of this Order, the Consent Order entered by the Court on February 15, 2023 (ECF No. 15) is hereby terminated.

SO ORDERED, this _19th_ day of _December_, 2023.

TIMOTHY J. KELLY
United States District Judge

3